UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-cv-00087-LLK

**ERNEST WAYNE LEONARD**                                                                    **PLAINTIFF**

**v.**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of Plaintiff and the Commissioner are at Doc. 16 and Doc. 21. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 8].

Plaintiff makes two arguments. Because the arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, this Opinion will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

## Listing 12.06

Listing 12.06 defines medically disabling anxiety and obsessive-compulsive disorders as follows:

12.06 Anxiety and obsessive-compulsive disorders (see 12.00B5), satisfied by A and B, or A and C:

A. Medical documentation of the requirements of paragraph 1, 2, or 3:

1. Anxiety disorder, characterized by three or more of the following:

a. Restlessness;
b. Easily fatigued;
c. Difficulty concentrating;
d. Irritability;
e. Muscle tension; or
f. Sleep disturbance.

2. Panic disorder or agoraphobia, characterized by one or both:

1

      a. Panic attacks followed by a persistent concern or worry about additional panic attacks or their consequences; or
      b. Disproportionate fear or anxiety about at least two different situations (for example, using public transportation, being in a crowd, being in a line, being outside of your home, being in open spaces).

      3. Obsessive-compulsive disorder, characterized by one or both:
      a. Involuntary, time-consuming preoccupation with intrusive, unwanted thoughts; or
      b. Repetitive behaviors aimed at reducing anxiety.

      AND
      B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):

      1. Understand, remember, or apply information (see 12.00E1).
      2. Interact with others (see 12.00E2).
      3. Concentrate, persist, or maintain pace (see 12.00E3).
      4. Adapt or manage oneself (see 12.00E4).

      OR
      C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:

      1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
      2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

Listing 12.06, Appendix 1.

### The ALJ's decision

The ALJ found that Plaintiff suffers from the following severe, or vocationally significant, anxiety and obsessive-compulsive disorders. [Administrative Record, Doc. 14 at 90]. The ALJ found that these impairments do not satisfy the medical criteria of Listing 12.06. *Id.* at 91. In support, the ALJ found that Plaintiff's impairments do not satisfy paragraph B of Listing 12.06 because he has only moderate and mild limitation in the four paragraph B areas of mental functioning. *Id.* Additionally, the ALJ found that Plaintiff's impairments do not satisfy paragraph C. *Id.* The ALJ did not explicitly consider whether Plaintiff's impairments satisfy paragraph A. *Id.*

### The ALJ's finding that Plaintiff's mental impairments do not satisfy Listing 12.06

**is supported by substantial evidence.**

On January 6, 2020, Edd Easton-Hogg, Psy.D., examined Plaintiff at the request of the Commissioner. [Doc. 14 at 385]. Dr. Easton-Hogg diagnosed major depressive disorder (recurrent, moderate) and personality disorder traits. *Id.* at 388. Dr. Easton-Hogg opined that these impairments result in the following limitations:

> 1. The claimant's capacity to understand and remember instructions towards the performance of simple tasks appears affected by his symptoms to a moderate degree.
>
> 2. His ability to sustain concentration and have persistence to carry out simple instructions appears affected by these impairments to a moderate degree.
>
> 3. His capacity to respond appropriately to supervisors, coworkers and the public appears affected by these impairments to a marked degree.
>
> 4. His ability to tolerate stress and pressure of day-to-day employment appears affected by these impairments to a marked degree.

[Doc. 14 at 389].

The ALJ accepted Dr. Easton-Hogg's opinion of two moderate limitations in support of a finding that Plaintiff has moderate limitations in his abilities to "understand, remember, or apply information" and "concentrate, persist, or maintain pace," Listing 12.06(B)(1), (3). [Doc. 14 at 91]. The ALJ rejected Dr. Easton-Hogg's opinion of two marked limitations. *Id.* at 93.

Plaintiff's first argument is that the ALJ should have accepted Dr. Easton-Hogg's opinion of two marked limitations and found that he has marked limitations in his abilities to "interact with others" and "adapt or manage oneself," Listing 12.06(B)(2), (4).

Plaintiff carries the burden of proving that the listing criteria are satisfied, and this burden is construed strictly because the listing represents an automatic screening in of an impairment as disabling (independently of any other medical or vocational factor). *See Sec'y of Health & Human Services v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [a listed impairment's] criteria, no matter how severely, does not qualify."); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th

Cir. 2003) ("It is insufficient that a claimant comes close to meeting the requirements of a listed impairment.").

Plaintiff's argument is unpersuasive for two reasons.

First, at best, the argument shows that the ALJ should have found that Listing 12.06(B) was satisfied. Plaintiff neither alleges nor shows that Listing 12.06(A) or Listing 12.06(C) was satisfied.

Second, substantial evidence supports the ALJ's finding that Listing 12.06(B) was not satisfied. Specifically, the ALJ found that Dr. Easton-Hogg's opinion of two marked limitations was:

> … inconsistent with Dr. Easton-Hogg's own examination findings and with multiple mental status examinations documented in the record that would not support the marked limitations (Exhibits 10F, pp. 4, 6; 11F, pp. 2, 5, 9; 13F, p. 2; 14F, p. 3) and with findings of mild or normal on many of the psychiatric portions of physical examinations (Exhibits 8F, pp.18-19; 10F, pp. 4, 6; 11F, pp. 2-6, 9; 13F, p. 2; 14F, p. 3).

[Doc. 14 at 93]. Additionally, the ALJ found persuasive the opinion of the state agency program psychologist, Tonya Gonzalez, Psy.D., that Plaintiff has only moderate and mild limitation in the four paragraph B areas of mental functioning. *Id.* at 93-94 referencing 153-54.

The "substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Hizer v. Comm'r*, 852 F. App'x 999, 1001 (6th Cir. 2021) (quoting *Blakley v. Comm'r*, 581 F.3d 399, 406 (6th Cir. 2009)). The ALJ's finding that Plaintiff's mental impairments do not satisfy Listing 12.06 is supported by substantial evidence.

### The ALJ adequately considered the combined effect of impairments.

Plaintiff's second argument is that "the ALJ erred in failing to consider the combined effects of [his] impairments." [Doc. 16 at PageID.584].

As in *Taylor v. Commissioner*, Plaintiff's argument "consists almost entirely of a conclusory assertion that the ALJ failed to consider the combined effect of impairments at each step of the sequential evaluation process as required by 20 C.F.R. § 404.1523." *Taylor v. Comm'r*, No. 118CV00079GNSLLK, 2019

WL 1417446, at *3 (W.D. Ky. Mar. 12, 2019) (report adopted).  "Because the argument does not develop a sufficient legal or factual basis, it is waived." *Id.*

The argument is also unpersuasive on the merits.  The ALJ was required to "consider the combined effect of all [Plaintiff's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity."  20 C.F.R. § 416.923(c).  However, the ALJ's discussion of multiple impairments does not imply that the ALJ failed to consider the effect of impairments in combination.  *Burton v. Comm'r*, 702 F. App'x 436, 437 (6th Cir. 2017).  It is sufficient that (as in this case) "the ALJ's decision explicitly considered which jobs [Plaintiff] could be expected to perform in light of [his] … severe 'impairments' [plural]." *Id.*

### Order

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

March 23, 2022

Lanny King, Magistrate Judge
United States District Court